UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FILED
2016 OCT 17 AM 11:33
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | | |
|---|---|---|
| VINCENT MALFA, | } | Case No. |
| PLAINTIFF | } | 5:16-cv-618-Oc-30PRL |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | |
| STELLAR RECOVERY, INC., | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff VINCENT MALFA, through his attorney, brings this action to challenge the actions of Defendant STELLAR RECOVERY, INC., for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-

559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Homosassa, County of Citrus, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because she was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. On February 23, 2016, or approximately thereupon, Defendant called Plaintiff to collect upon an alleged debt.

15. During the call described in paragraph 14, above, Plaintiff informed Defendant that Plaintiff did not wish to receive calls regarding the alleged debt, instead demanding of Defendant that all communication regarding the alleged debt take place through the mail.

16. During the call described in paragraph 14, above, Defendant failed to specifically provide the disclosure that "this communication is from a debt collector." Additionally, Defendant failed to provide the aforementioned disclosure using any other substantially similar sentence (e.g. "this is a call from a debt collector," etc.)

17. On March 1, 2016, or approximately thereupon, Defendant again called Plaintiff to collect upon an alleged debt.

18. During the call described in paragraph 17, above, Plaintiff asked Defendant why Defendant called him, since Plaintiff had previously told Defendant not to do so. Defendant said something to the effect of "sorry, I see we should not call you." Plaintiff asked Defendant something to the effect of "well, then, why did you?" Defendant responded with something to the effect of "the do not call was just posted."

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq.

19. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

20. By contacting Plaintiff for debt collection purposes over the telephone despite Defendant's actual knowledge that communication with Plaintiff over the telephone is inconvenient, Defendant has engaged in illegal communication in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

21. By failing to disclose during an oral communication that the communication is from a debt collector, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

22. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

23. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

24. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

25. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(a)(1), and Plaintiff is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(11), and Plaintiff is so entitled.

26. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692c(a)(1), and Plaintiff is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e(11), and Plaintiff is so entitled.

27. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 20th day of September, 2016,

By Plaintiff's attorney: /s/ Nicholas Michael Murado

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com